ORME, Judge
(concurring):
[ 29 I concur in the lead opinion. I confess that the alternative route to the same result outlined in the other concumng opinion also rings true.
130 But whether affirmance is mandated by the plain language of the key statute or by judicial precedent that reflects a misreading of several statutes, this simply is not good public policy,. For the life of me, I cannot see why our Legislature would have any interest in protecting judgment debtors from making good on their just obligations. Stated the other way, I cannot see why our Legislature would want to hinder the State's citizens who hold valid judgments in their efforts to collect on those judgments. Yet that is the very upshot of the statutory scheme now in effect-at least as the statutory language has been interpreted by both of the state's appellate courts.
131 True, the current scheme does insulate state agencies from the modest inconvenience of preparing answers to garnishment interrogatories and, in appropriate cases, from the "trouble" of issuing and mailing a check payable to the successful garnish or. But this seems inconsequential in the face of the compelling competing interests, namely that the citizens of this State should make good on their just debts and that garnishment should be readily available as a tool in favor of judgment credltors to help make this happen.
1 32 Very simply, the State, like any other person or entity holding funds owed to a judgment debtor that ought properly be shifted to that debtor's creditor, should be required to facilitate the transfer, I hope the Legislature will immediately reconsider the current policy that instead insulates debtors from the reach of our garnishment laws as concerns those debtors' funds in the possession of the State or one of its entities, whether those funds be in the form of a public employee's salary, unclaimed accounts owned by the debtor, or a state tax refund.